■ In the Matter of the Estate of JOHN F. WILTBERGER, Deceased. NANCY L. WILTBERGER et al., Infants, by FREDERICK BECK, JR., as Guardian ad Litem, Appellants; FIRST NATIONAL BANK AND TRUST COMPANY OF ITHACA, as Executor of JOHN F. WILTBERGER, Deceased, Respondent.—Appeal from a decree of the Surrogate's Court of Tompkins County, entered June 26, 1978, which admitted to probate the paper writing dated December 16, 1976 as the complete will of John F. Wiltberger, the decedent above named. The testator died on June 22, 1977 survived by four children from his first marriage, all of whom were adult at the time of his death, and by three infant children from his second marriage. He was single at the time of his death, having been divorced from his second wife in 1972. In December, 1975, the testator executed an instrument purporting to be his last will and testament. It was handwritten on a printed form and directed that his home be sold and that the proceeds go to his estate. All of the children of his first marriage were to receive monetary legacies and a residuary trust was created for the children of his second marriage, providing each with a monthly income until the age of 21, at which time a proportional amount of the corpus would be distributed to each. Although all of the testator's known children were mentioned in this instrument, it was stated therein that "To any unmentioned child I leave one dollar". One year later, the testator executed another instrument purporting to be his last will and testament which was also handwritten on a printed form. Preprinted on this form was a provision revoking all former wills made by the testator. In this will, the testator again directed the sale of his home with the proceeds to go to his estate. It was also provided that the four children of his first marriage were to receive certain percentages, totalling 100% of the residual trust estate in five years. The testator, however, failed to create a residuary trust in this 1976 will. The three children of the testator's second marriage were not mentioned in this will nor was any mention made of what was to be done with the corpus of the "residual trust estate" during the five-year interim between the date of the testator's death and the date of the distribution of the corpus to the children of the first marriage. There was also a provision in this will leaving one dollar each to any unmentioned child or children of the testator. Respondent, as named executor, petitioned for the probate of the 1976 will. The appellants, by their guardian ad litem, filed a written report and objections claiming that the 1976 instrument was only a codicil to the 1975 will and that both instruments should be construed together as constituting the testator's last will and testament. The record of the hearing held on this matter reveals that the testator felt a great deal of animosity towards his second wife, especially at the time the 1976 instrument was executed. The testator's second wife testified that the testator threatened to destroy her and told her that the children would suffer. The Surrogate admitted the will executed in December, 1976 to

probate as the testator's sole last will and testament, concluding that the testator intended to revoke the will executed in December, 1975 and to disinherit the three children of his second marriage. This appeal ensued. As a general rule, in the construction of wills, heirs at law shall not be disinherited by conjecture, but only by express words or necessary implication (Matter of Pettit, 241 App Div 209, 211). Appellants contend that the testator did not intend by the 1976 will to completely revoke the 1975 will, that the 1976 will is ambiguous, and that by failing to create a residuary trust in the 1976 will the testator intended that the residuary trust in the 1975 will be incorporated in the 1976 will, thus providing the minor children of the second marriage a monthly income during the five years between the date of his death and the date of distribution of the corpus to the children of the first marriage. The issue, therefore, narrows to whether or not the 1976 will completely revoked the prior 1975 will. The Court of Appeals has stated that "A later will is not necessarily a revocation of a prior will, unless by it the prior will is in terms revoked and canceled, or by the later will a disposition is made of all of the testator's property, or the same is so inconsistent with the former will that the two cannot stand together, or that the former will is revoked pro tanto" (Matter of Cunnion, 201 NY 123, 126). Although it must be considered, we do not regard the preprinted provision in the 1976 will revoking all former wills as determinative of the issue herein (see Matter of Smith, 254 NY 283). What we do find controlling, however, is the total inconsistency of the two wills in question. In the 1975 will the children of the second marriage were each to receive a proportional share of the trust corpus upon their attaining the age of 21 whereas, under the 1976 will, the residuary trust estate was to be distributed to the children of the first marriage five years after the testator's death. In our view, the intent of the testator to revoke the 1975 will and disinherit the children of his second marriage is clear. The inconsistency of the wills precludes their admission to probate together as constituting the testator's last will and testament. The failure of the testator in the 1976 will to create a residual trust or provide for the use of the corpus of the residual trust for the five years following his death does not invalidate our conclusion as to the testator's intent. Accordingly, the Surrogate properly admitted only the 1976 will to probate and the decree must be affirmed. Decree affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Main and Mikoll, JJ., concur.